## 31690. INGRAM et al. v. LOTT et al.

GUNTER, Justice.

This appeal involves an election contest in Hancock County, Georgia. The appellants here were defendants in the trial court, and they will be referred to as Ingram. The appellees here were the plaintiffs in the trial court, and they will be referred to as Lott.

Lott filed a complaint against Ingram contesting the Democratic Primary Election held on August 10, 1976; the complaint contested the primary on numerous grounds and sought to enjoin the placing of the names of alleged nominees on the General Election ballot; a visiting judge from the Atlanta Judicial Circuit was appointed to hear the contest pursuant to Code Ann. § 34-1704; the trial judge denied all relief except in the race for the Chairman of the Board of Commissioners; in that race the trial judge determined that because of the malfunction of a voting machine, which recorded no votes at all for one candidate, such malfunction by mathematical computations could have affected the result; he ordered that race to be run again in a new primary; and the names of three candidates who had properly qualified for the August primary were to be placed on the ballot for the new primary.

That judgment was dated September 20 and entered September 21, 1976.

On September 27, 1976, the trial judge entered a supplemental order that modified the September 20 judgment. The supplemental order ruled that qualifications would not be opened for the second primary; that of the three candidates who had properly qualified for the August primary, one of them, Johnny Warren, was shown to have been convicted on September 3, 1976, of a felony in the United States District Court for the Northern District of Georgia; it declared that pursuant to the provisions of Code Ann. § 34-107, Johnny Warren was ineligible to seek nomination and election; and it further declared that the second primary election would be solely between the two candidates who had previously qualified for the August primary and were eligible to hold office.

Ingram filed a notice of appeal on September 27, 1976, to both the September 20 and September 27 judgments. On October 1, 1976, Ingram filed a motion in this court to expedite the appeal. On October 6, 1976, this court granted the motion to expedite upon agreement of counsel to waive oral argument and file briefs within a stipulated time. On October 18, 1976, the trial judge set the date for the second primary election that he had ordered for October 29, 1976. In the meantime, on October 9, 1976, Lott had filed a purported "Notice of Cross Appeal," docketed as Case No. 31727 in this court.

This court then entered the following order: "On October 6, 1976, this court granted a motion to expedite these appeals so that the decision in the cases could be made as expeditiously as possible. On October 18, 1976, the trial judge ordered the holding of a second primary in Hancock County on Friday, October 29, 1976. Because of the holding of a second primary on October 29, 1976, and because of the holding of the General Election on November 2, 1976, this court now considers that the order expediting the cases was improvidently entered, and that order is now rescinded. It is now ordered that the parties, if they so desire, file additional briefs in this court within fifteen days after November 4, 1976, and this court will then proceed to decide these two appeals."

Ingram's only enumerated error in this court complains that the trial court committed error in holding that only persons who were properly qualified to run for Chairman of the Board of Commissioners in the August 10 primary would be allowed to run in the court-ordered primary for this office.

The trial court's judgment on this issue was: "The court is of the opinion that it is without power to permit others than those persons who were candidates (in the August 10 primary) to seek nomination in a second primary election, and the contentions of certain of defendants, urging the court to open qualifications wherein persons other than those whose names appeared on the August 10, 1976 ballot might seek nomination, are rejected, and such relief is denied."

We think the trial judge's ruling on this issue was correct. Code Ann. § 34-1005 (b) requires candidates for

nomination to qualify by specified dates before a primary. The ordering of a rerun of a primary, after a contest in a race is sustained, is no reason for permitting other persons, who were not properly qualified to run in the contested primary, to qualify and compete in the rerun.

While not exactly in point here, the legislative intent with regard to a run-off is instructive on this principle. Code Ann. § 34-1513 (a) provides in part: "If any candidate eligible to be in a run-off dies, or one of the two candidates originally receiving the highest number of votes is found to be ineligible, the remaining candidates receiving the two highest number of votes shall be the candidates in such run-off. The candidate receiving the highest number of votes cast in such run-off primary or election to fill the nomination or public office he seeks shall be declared the winner."

We believe the trial judge properly ruled on this issue, and the one error enumerated in this court is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 6, 1976 — DECIDED MARCH 10, 1977.

*Roosevelt Warren, Al Horn, Bensonetta Tipton,* for appellants.

*D. D. Veal,* for appellees.